UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN HUPPERT,<br><br>               Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, [1]<br><br>               Defendant. | Case No. 3:13-cv-05726-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On August 5, 2010, plaintiff filed an application for Disability Insurance Benefits, alleging disability as of July 28, 2006, due to Post Traumatic Stress Disorder ("PTSD"), ruptured discs, broken leg bones, and hip pain. See Administrative Record ("AR") 91, 207-08, 252. This claim was denied upon initial administrative review and on reconsideration. See AR 125-31,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**
ORDER - 1

133-37.  A hearing was held before an administrative law judge ("ALJ") on March 8, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert, Todd Gendreau.  See AR 35-80.  At the hearing, plaintiff amended his disability onset date to January 1, 2010.  AR 37.

On May 17, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled.  See AR 14-34.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 19, 2013, making the ALJ's decision defendant's final decision.  See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481.  On August 22, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See Dkt. #1.  The administrative record was filed with the Court on November 29, 2013.  See Dkt. #12.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or, in the alternative, for further proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record and (2) in assessing plaintiff's residual functional capacity.  For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan,

ORDER - 2

772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.   The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Gary Gaffield, D.O., an examining physician, saw plaintiff on July 25, 2007 for a consultative evaluation.  AR 372-79.  Dr. Gaffield opined that plaintiff would be limited to standing and walking not more than two hours during an eight hour day, and carrying not more than ten pounds frequently and twenty pounds occasionally.  AR 277-78.  Dr. Gaffield also opined plaintiff would be limited to occasional bending, stooping, and crouching and that plaintiff would probably need to keep his right leg elevated.  Id.

The ALJ gave Dr. Gaffield's opinion some weight noting:

> The medical evidence and the claimant's activities support and [sic] an RFC to sedentary work.  However, Dr. Gaffield's comment that he would probably need to keep the right lower extremity elevated is not supported by the longitudinal evidence of record over the next 4 years, particularly the claimant's activities which include working part time as described above, housework, yard work, chopping wood, going to the mountains for 4 hours a day, and fixing things around the house (Ex 11F/2).

AR 26.  Plaintiff argues the ALJ erred in rejecting only part of Dr. Gaffield's opinion.  This Court disagrees.

ORDER - 5

1  Because Dr. Gaffield's opinion regarding plaintiff's need to elevate his leg is
2  contradicted by other evidence, including the opinions of Sorin Rhone, M.D., Robert Hoskins
3  M.D., and Jan Lewis Ph.D., the ALJ needed to provide specific and legitimate reasons to
4  discredit this opinion.  AR 92-102, 104-16, 417-23; See Lester v. Chater, 81 F.3d at 830-31.  It is
5  insufficient for an ALJ to reject the opinion of a treating or examining physician by merely
6  stating, without more, that there is a lack of objective medical findings in the record to support
7  that opinion.  See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  However, here the ALJ
8  provided other specific and legitimate reasons to discredit Dr. Gaffield's opined limitation.

The ALJ pointed to multiple inconsistencies between plaintiff's activities and Dr. Gaffield's opined limitation.  AR 26.  Most persuasive is plaintiff's work activity.  Dr. Gaffield rendered his opinion in 2007, three years prior to the amended onset date, however, plaintiff testified that he did full time work operating a snow plow at a ski lodge from 2006 to 2009.  AR 43-47.  While this was only seasonal work, plaintiff testified to working seven days per week during the season, which lasted from November to March.  AR 44.  Plaintiff reported that he decreased his hours to part time in 2009, two years after Dr. Gaffield's opinion, due to his physical impairments.  AR 44.  Plaintiff testified that he was given some accommodations, although it is unclear whether those accommodations were given when he was working full time, or just when he switched to part time.  AR 45, 52-53.  Regardless, while plaintiff argues for a different interpretation of the evidence, the ALJ's conclusion that plaintiff's work activity was inconsistent with Dr. Gaffield's opinion was equally reasonable and must be upheld.  See Allen, 749 F.2d at 579.  The ALJ's finding is supported by substantial evidence and is a specific and legitimate reason to discredit the opinion.  See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 601-02 (9th Cir. 1999) (upholding rejection of physician's conclusion that

ORDER - 6

claimant suffered from marked limitations in part on basis that other evidence of claimant's ability to function, including reported activities of daily living, contradicted that conclusion).

Further, while plaintiff argues that that the ALJ cherry picked only the opined limitations that fit her predetermined outcome, plaintiff provides no evidence to support this argument. See Dkt. #14, p. 9. This Court's review of the record found no other evidence supporting plaintiff's need to elevate his leg other than plaintiff's own testimony, which was properly discredited and not challenged by plaintiff. The ALJ properly discredited part of Dr. Gaffield's opinion finding unsupported by the record and inconsistent with plaintiff's activities. See Batson, 359 F.3d at 1195. The ALJ did not err in evaluating the medical evidence.

V.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Plaintiff argues the ALJ erred in her RFC finding by not including Dr. Gaffield's opinion that plaintiff would need to elevate his leg. Dkt. #14, p. 12-13. As discussed above, the ALJ properly discredited this opinion, therefore, the ALJ did not err in her RFC finding. Accordingly, plaintiff has failed to show any reversible error in the ALJ's decision.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 19th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7